# EXHIBIT C

# EEOC Charge of Discrimination filed by Dearica Hamby, dated October 19, 2023 (the "Amended Charge")

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☒ FEPA | 487-2023-03109 |
| ☒ EEOC | |

Nevada Equal Rights Commission _____ and EEOC
*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.): Ms. Dearica Hamby
**Home Phone** (Incl. Area Code): [redacted]
**Date of Birth**: [redacted]

**Street Address**: [redacted]
**City, State and ZIP Code**:

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

**Name**: WNBA, LLC
**No. Employees, Members**: 500+
**Phone No.**:

**Street Address**: 645 5th Avenue, New York, New York 10022

**DISCRIMINATION BASED ON** (*Check appropriate box(es).*)
- [ ] RACE
- [ ] COLOR
- [x] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [x] RETALIATION
- [ ] AGE
- [ ] DISABILITY
- [ ] GENETIC INFORMATION
- [ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: Jan 17, 2023
Latest:
[x] CONTINUING ACTION

**THE PARTICULARS ARE** (*If additional paper is needed, attach extra sheet(s)*):

I first began playing professional basketball with Respondent WNBA, LLC in 2015 when I was drafted to play for the San Antonio Stars. In 2018, the Stars were purchased and became the Las Vegas Aces, a team which is owned and operated by the Respondent, Las Vegas Basketball L.P.

On June 28, 2022, I signed a two-year contract extension to continue playing professional basketball for the Las Vegas Aces. On or about July 18, 2022, I discovered I was pregnant. I informed the head coach of the Las Vegas Aces, Becky Hammon, of my pregnant status on or about August 6, 2022. On or about August 8, 2022, I had my first doctor's visit which confirmed my pregnancy.

After disclosing my pregnant status, Respondent Las Vegas Basketball L.P. through its coach and management, began to retaliate against me and caused the work environment to become unreasonably abusive and hostile. For example, I was asked by Hammon whether I planned my pregnancy. When I said I did not, I was told I was not taking precautions to not get pregnant. I was accused of signing my contract extension knowingly pregnant. This is a false accusation. I was told it was believed by the Respondent Las Vegas Aces that I would get pregnant again. I was told I was not keeping up with my workouts. This was a false accusation. My dedication to basketball and to my team, as well as my work ethic, were questioned by the Respondent's staff members as a result of my becoming pregnant. I informed my coach, management, and other staff, that I was committed to the team and to playing the following season, and I anticipated giving birth during the off-season and being eligible to begin playing on time for the 2023 pre-season. I was told by Hammon that she doubted I could follow through on such commitments, and that the team "needed bodies" and I would not be ready to play the following season. I was also told by Hammon that I wasn't holding up my end of the bargain, and that the Aces did not expect me to get pregnant "in the next two years," meaning, the Aces expected that I give up my right to become pregnant in exchange for signing a two-year contract extension.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Oct 19, 2023
*Date*

Dearica Marie Hamby (Oct 19, 2023 11:48 PDT)
*Charging Party Signature*

**NOTARY** *When necessary for State or Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

10

EEOC Form 5 (11/09)

|  |  |  |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☒ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>487-2023-03109 |

Nevada Equal Rights Commission                                               and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

On January 17, 2023, I received a call from Hammon during which she told that my "time with the Aces is up" and I was being traded and that it was best for my career. She told me, "I can send you somewhere like Connecticut or Indiana, or you can pick a place, like Los Angeles." During this conversation, I stated twice to Hammon, "you're trading me because I am pregnant?" Hammon responded, "what do you want me to do?"

After I was traded, I publicly announced my belief that I was, among other things, discriminated against in connection with the treatment I experienced and the trade. That public statement led to a months' long investigation by the Respondent WNBA, LLC of the Respondent Las Vegas Basketball L.P. and its coaching staff. On May 16, 2023, the Respondent WNBA, LLC announced it was suspending Hammon for two games for violating league and team "Respect in the Workplace" policies and penalizing the Respondent Las Vegas Basketball L.P. (Las Vegas Aces) by rescinding its 2025 first round draft pick for violating league rules regarding impermissible player benefits and workplace policies. However, it was widely reported that none of the then-current Las Vegas Aces players were interviewed as part of such investigation, and WNBA, LLC would not identify who, if anyone, was interviewed as part of this investigation. The investigation also did not result in any tangible remedy to me. Moreover, I do not believe the investigation sought to uncover the truth about my allegations that I was discriminated against for being pregnant, and I believe the Respondent WNBA, LLC failed to properly investigate my claims as a form of retaliation for my public statements.

Additionally, after informing the Las Vegas Aces that I was pregnant, I experienced retaliatory acts by the Respondent Las Vegas Basketball L.P., including but not limited to, a noticeable decrease in communication from Hammon and Las Vegas Aces management while I was still a member of the team. After publicly stating that I was discriminated against on January 21, 2023, I experienced further retaliatory acts by the Respondent Las Vegas Basketball L.P., including but not limited to, my former teammates ceasing communication with me except for in very limited circumstances despite our lengthy friendships; Las Vegas Aces' General Manager Williams falsely stating publicly during a radio interview that the Las Vegas Aces knew I was pregnant in June 2022, which is untrue, and implies that I was aware of my pregnancy when I signed my contract extension which is false; Las Vegas Aces staff contacting me after I was told I was being traded and asking me to authorize the release of my private OBGYN medical records despite the fact that I was no longer a member of the team; the Respondent Las Vegas Basketball L.P. not extending an invitation to me to attend a White House visit on August 25, 2023 to celebrate the team's 2022 WNBA championship with the Vice President of the United States despite my having been a part of that championship team; and a directive being given by Respondent Las Vegas Basketball L.P. to camera personnel to refrain from showing my daughter, who was in attendance at a Las Vegas Aces playoff game on September 17, 2023, on the jumbotron. When my daughter was accidentally shown on the jumbotron, the camera shot immediately cut away from her.

As a result of the above events, I have suffered financial and emotional harm.

I believe I have been discriminated against because of my Sex (Female, Pregnant) and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and Nevada law.

|  |  |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY   *When necessary for State or Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Oct 19, 2023      *Dearica Marie Hamby (Oct 19, 2023 11:48 PDT)*<br>Date              *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

11

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117**,** 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.