Gregory S. Gilbert, Esq. (6310)
Dora V. Lane, Esq. (8424)
Erica C. Medley, Esq. (13959)
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
gsgilbert@hollandhart.com
dlane@hollandhart.com
ecmedley@hollandhart.com

*Attorneys for Defendant Las Vegas Basketball, L.P.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEARICA HAMBY, an Individual,<br><br>                    Plaintiff,<br><br>v.<br><br>WNBA, LLC and LAS VEGAS BASKETBALL L.P. d/b/a LAS VEGAS ACES,<br><br>                    Defendants. | Case No.: 2:24-cv-01474-APG-DJA<br><br>**DEFENDANT LAS VEGAS ACES' REPLY IN SUPPORT OF MOTION TO DISMISS** |

Defendant Las Vegas Basketball L.P. d/b/a Las Vegas Aces (the "Aces" or "Defendant"), by and through its counsel of record, Holland & Hart LLP, respectfully submits this Reply in support of its Motion to Dismiss the Complaint filed by Plaintiff Dearica Hamby ("Hamby").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Relying on *Swierkiewicz v. Sorema,* Hamby urges this Court to forego reviewing the sufficiency of her Complaint through the prism of applicable claim elements. This is not the standard in the Ninth Circuit. Regardless of the standard used, Title VII has certain statutory requirements for Hamby's claims, which Hamby has failed to properly allege. Regarding discrimination, Hamby failed to allege facts demonstrating she suffered "some harm" respecting the terms and conditions of her employment beyond her transfer. She conceded this argument by

1

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

failing to address it in her Opposition. For retaliation, Hamby failed to factually plead the requisite causal link, and her suggestion causation is not required runs afoul of Title VII. Given Hamby's pleading deficiencies, the Aces respectfully request this Court grant the Aces' motion to dismiss.

## II.    ARGUMENT

### A.    *McDonnell Douglas* Remains Relevant to a Rule 12(b)(6) Motion

Hamby's Complaint does not establish the elements of discrimination as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Instead of attempting to cure her deficiencies through an amendment, Hamby claims the *McDonnell Douglas* framework is irrelevant to this Court's analysis at the motion to dismiss stage, and she need not establish any elements to plausibly state a claim for relief. Citing the United States Supreme Court decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), Hamby argues it is "well-settled" that the *McDonnell Douglas* prima facie framework is not considered a pleading standard. ECF No. 30, at 6-7. Nothing could be further from the truth. Courts across the country have held *Swierkiewicz* has been overruled by the United States Supreme Court's *Twombly-Iqbal* decisions.[1] Even the Ninth Circuit has struggled to reconcile *Swierkiewicz* with the current pleading requirements.[2]

Hamby's Opposition suggests no elements apply to her claims, and *McDonnell Douglas* is irrelevant to this Court's analysis. *See* ECF No. 30, at 5, 7. This is incorrect. *Swierkiewicz* held Title VII claims are not subject to a *heightened* pleading standard. *See* 534 U.S. at 515 ("[T]he Federal Rules do not contain a heightened pleading standard for employment discrimination

---

[1] *See, e.g.*, *Kamar v. Krolczyk*, 2008 U.S. Dist. LEXIS 55975, at *22-23 (E.D. Cal. July 16, 2008) (holding *Twombly* overruled *Swierkiewicz*'s "older standard"); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 n.1 (4th Cir. 2009) (holding the pleading standard relied upon in *Swierkiewicz* was overruled in *Twombly*); *United States v. Maricopa Cty.*, 915 F. Supp. 2d 1073, 1078 (D. Ariz. 2012) (holding "*Swierkiewicz* was overruled because it applied a standard less than the plausibility standard set forth in *Twombly* and *Iqbal*").

[2] *Mattioda v. Nelson*, 98 F.4th 1164, 1174-75 (9th Cir. 2024) (reconciling *Swierkiewicz* and *Twombly*); *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (recognizing "some tension among the Court's pleading standards cases"); *Starr v. Baca*, 652 F.3d 1202, 1215 (9th Cir. 2011) (stating "[t]he juxtaposition" between *Swierkiewicz* and *Twombly* "is perplexing. . . . To the extent we perceive a difference in the application of Rule 8(a) in the two groups of cases, it is difficult to know in cases that come before us whether we should apply the more lenient or the more demanding standard").

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

suits."). *Twombly* clarified "*Swierkiewicz* did not change the law of pleading, but simply re-emphasized . . . that the Second Circuit's use of a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even without a *heightened* standard, *Twombly* confirmed a Title VII case requires "enough facts to state a claim to relief that is plausible on its face." *Id.*

While the Court in *Swierkiewicz* held *McDonnell Douglas*'s prima facie case is not a pleading requirement, its reasoning was based on the fact "the *McDonnell Douglas* framework does not apply in every employment discrimination case." 534 U.S. at 511 (recognizing a plaintiff need not prove the elements of a prima facie case under *McDonnell* if the plaintiff is able to produce direct evidence of discrimination). Here, however, Hamby has not alleged facts in her Complaint, nor has she articulated her theory of liability in her Opposition that her claim of discrimination is based on direct evidence,[3] rendering the *McDonnell Douglas* framework applicable to her claims.

Even if *McDonnell Douglas* is not a pleading requirement, the framework it provides is still relevant to the Court's analysis on a motion to dismiss.[4] *See, e.g.*, *Peterson v. Nev. Dep't of Corr.*, No. 3:20-cv-00201-RCJ-WGC, 2021 U.S. Dist. LEXIS 14808, at *8-9 (D. Nev. Jan. 26, 2021) ("Plaintiff [relies on *Swierkiewicz*] to mean that he does not have to plead facts sufficient to show satisfaction of the elements of his causes of action. This is error. . . . Courts in the Ninth Circuit have therefore frequently looked to the prima facia elements in deciding a motion to dismiss a complaint alleging claims under Title VII and applied the *Twombly-Iqbal* standard.");

---

[3] The lack of clarity of her allegations coupled with Hamby's assertion no elements to a cause of action apply deprive the Aces of fair notice of her claims. *See, e.g.*, *Mayorga v. Diet Ctr. LLC*, No. 2:21-CV-2105 JCM (NJK), 2022 U.S. Dist. LEXIS 113845, at *6-7 (D. Nev. June 28, 2022) ("This type of birdshot pleading—listing conclusory allegations regarding elements of various cognizable claims under Title VII's 'on the basis of sex' banner—neither states a specific plausible claim for relief nor gives fair notice to Diet Center as to what it is being sued for.").

[4] The Ninth Circuit has evaluated the *McDonnell Douglas* framework at the motion to dismiss stage to determine if a complaint is sufficient to survive a motion to dismiss. *See, e.g.*, *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012) (recognizing a plaintiff is not *required* to plead a prima facie case but stating the ability to do so may render plaintiff's complaint sufficient to survive a motion to dismiss). Again, the Ninth Circuit's analysis indicates *McDonnell Douglas* is not irrelevant at the motion to dismiss stage.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

*Washington v. Certainteed Gypsum, Inc.*, No. 2:10-cv-00204-GMN-LRL, 2011 U.S. Dist. LEXIS 94920, at *15 (D. Nev. Aug. 24, 2011) ("In determining the plausibility of the allegations, the court will . . . view[] each allegation in light of the relevant prima facie elements for each cause of action and determin[e] whether Plaintiff either sufficiently pleads an element of the prima facie case *or* provides enough factual allegations that can lead the court to plausibly infer each element of the prima facie case."); *Sutter v. Mass. Mut. Fin. Grp.*, No. 2:10-CV-02065-KJD-PAL, 2011 U.S. Dist. LEXIS 72640, at *5 (D. Nev. July 6, 2011) ("While the plaintiff is not required to allege specific facts supporting each element of the *prima facie* showing, she must include in her complaint facts that indicate a plausible claim for gender discrimination."). Courts outside the District of Nevada have employed the same approach.[5]

Here, *McDonnell Douglas*'s prima facie elements are relevant to the Court's analysis to determine whether Hamby alleged a plausible claim for relief. Under the *Twombly-Iqbal* standard, as articulated in the Motion and this Reply, Hamby has failed to provide grounds for her entitlement to relief because she rests her allegations on labels and conclusions instead of plausible factual assertions. *See Twombly*, 550 U.S. at 555. As such, the Court should reject Hamby's unsupported argument that *McDonnell Douglas* is irrelevant to the Court's analysis.

**B.    Hamby Fails to State a Claim of Sex Discrimination**

Despite the Aces devoting almost three pages in the Motion to the harm requirement under Title VII and the Supreme Court's recent decision in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024), Hamby completely ignores this issue in her Opposition, thereby conceding this argument. Hamby's lack of the requisite harm, coupled with the other deficiencies, is fatal to her discrimination claim, warranting dismissal.

---

[5] *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."); *Welch v. Or. Health*, 2024 U.S. Dist. LEXIS 111255, at *13-14 (D. Or. May 17, 2024) ("[A] court may look to those [*McDonnell*] elements to analyze a motion to dismiss, so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." (quoting another source)).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

## 1.    Hamby Conceded Her Failure to Establish the Harm Requirement

Regardless of Hamby's theory of liability for her discrimination claim—either through direct evidence or the *McDonnell Douglas* framework—Title VII requires Hamby to show she suffered an adverse employment action. She has failed to do so. Notably absent from Hamby's Opposition is any reference to *Muldrow* and the Aces' arguments about Hamby's failure to allege Title VII's requisite harm related to the terms and conditions of her employment. *See* ECF No. 30. Hamby's failure to oppose the Aces' *Muldrow* argument constitutes a concession and waiver to argue otherwise. *See, e.g.*, *Ewing v. Encor Solar, LLC*, 2019 U.S. Dist. LEXIS 10270, at *21 (S.D. Cal. Jan. 22, 2019) ("Where a plaintiff declines to defend a claim in opposition, the Court is within its discretion to treat plaintiff's silence as abandonment of the claim and concession that the claim be dismissed." (quoting another source)); *Shorter v. L.A. Unified Sch. Dist.*, 2013 U.S. Dist. LEXIS 172372, at *13-16 (C.D. Cal. Oct. 21, 2013) (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding where plaintiff's opposition to a motion to dismiss "failed to address any of the arguments presented," the plaintiff "effectively abandoned the claim").

## 2.    *Muldrow* Requires a Claimant to Show Harm Beyond the Transfer

To survive a motion to dismiss, Hamby must show "some harm" beyond the act of the transfer, and she failed to do so. Focusing on the text of Title VII, the Supreme Court made clear in *Muldrow* that a claimant "must show harm respecting an identifiable term or condition of employment" in order "[t]o make out a Title VII discrimination claim." 601 U.S. at 354-55. While *Muldrow* actually *lowered* the bar to establishing the requisite harm, holding the harm need not be significant, serious, or substantial, *some* harm must exist beyond the mere act of the transfer. *See id.* at 355 (recognizing "[m]any forced transfers leave workers worse off respecting employment terms or conditions," but still requiring a showing of "some harm"). *Muldrow* clarified Title VII "requires that the injury asserted concern the terms or conditions of her employment." *Id.* at 358.

Hamby's failure to plead facts showing she suffered an adverse employment action, even at the motion to dismiss stage, is fatal to her claim. In *Khorasani v. Mayorkas*, an unpublished Ninth Circuit decision which Hamby relies upon to show *McDonnell Douglas* does not apply at the motion to dismiss stage, the Ninth Circuit, even under the *Swierkiewicz* standard, affirmed

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

dismissal of a discrimination claim because the plaintiff failed to plead an adverse employment action that related to the "compensation, terms, conditions, or privileges of . . . employment." 2024 U.S. App. LEXIS 23704, at *4 (9th Cir. Sep. 18, 2024). Because an adverse employment action is an element Title VII requires, a plaintiff must plausibly plead the same to survive a motion to dismiss. *See, e.g.*, *MacDougall v. Rhuling*, 2024 U.S. Dist. LEXIS 155252, at *21 (E.D. Pa. Aug. 28, 2024) (applying *Muldrow* at the motion to dismiss stage as a pleading requirement); *Cocca-Rau v. Standard Ins. Co.*, 2020 U.S. Dist. LEXIS 131429, at *15-16 (S.D.N.Y. July 22, 2020) ("At the pleading stage, then, a plaintiff must allege that the employer took adverse action against her . . . ."); *see also Davis v. Orange Cty.*, 2024 U.S. App. LEXIS 17964, at *9-10 (11th Cir. July 23, 2024) (remanding the case for the district court to determine if the plaintiff sufficiently stated a claim to survive a motion to dismiss under the *Muldrow* standard).

Here, Hamby has not made the requisite showing under Title VII. Instead, the "harm" she alleged is unrelated to the terms and conditions of her employment. For instance, she claims she may be subject to different taxes in California, and she alleges generally (without identifying any specifics) she lost marketing, endorsement, and sponsorship opportunities. *See* ECF No. 1, ¶ 72. However, whether Hamby is subject to different taxes or can effectively market her Name, Image, and Likeness to third party sponsors are matters outside the scope of the term and conditions of her employment with the Aces. In her Opposition, Hamby did not demonstrate otherwise.

### 3.    Beyond the Harm Element, Hamby's Discrimination Claim Is Still Deficient

Hamby's Opposition reiterates allegations of her discrimination claim but completely ignores the arguments raised in the Aces' Motion.[6] First, Hamby does not oppose the Aces' argument that she failed to state a claim of discrimination using direct or circumstantial evidence. Second, Hamby also does not address the Aces' argument that Hamby failed to allege Coach Hammon's comments were comments by the "decisionmaker." Finally, Hamby does not address the Aces' arguments regarding her lack of allegations concerning similarly situated employees.

---

[6] Similar to her concession regarding the "some harm" requirement from *Muldrow*, Hamby's failure to oppose the Aces' arguments regarding the other deficiencies of her discrimination claim should be treated as a concession and an abandonment to pursue her claim further.

Regarding the first issue, Hamby does not argue her claim is based on direct evidence of discrimination. Rather, without addressing the Aces' arguments, her Opposition simply asks the "Court to draw the *reasonable inference* that the Defendant's decision to alter the terms and conditions of the Plaintiff's employment was motivated by her pregnancy." ECF No. 30, at 13 (emphasis added). The need for a "reasonable inference" demonstrates her theory is, at best, based on circumstantial evidence. *See Farrens v. Esper*, 806 F. App'x 539, 541 (9th Cir. 2020) ("Circumstantial evidence . . . is evidence that requires an inference to demonstrate discrimination and must be 'specific and substantial . . . .'"). The difference between direct and circumstantial evidence is significant, as the Supreme Court recognized a plaintiff need not prove the elements of a prima facie case under *McDonnell Douglas* if the plaintiff is able to produce direct evidence of discrimination. *See Swierkiewicz*, 534 U.S. at 511.

Regarding the second issue, Hamby never alleged Coach Hammon was the decisionmaker and failed to oppose the Aces' arguments on this deficiency. As such, the statements attributed to Coach Hammon should not be considered direct or circumstantial evidence of discrimination on behalf of the Aces. The Ninth Circuit has affirmed dismissal of a discrimination claim when the complaint did not allege discriminatory comments by the decisionmaker. *See Martinez v. AMTRAK*, 438 F. App'x 595, 595 (9th Cir. Jun. 16, 2011) (affirming dismissal of discrimination claim recognizing the plaintiff failed to "allege[] the existence of any direct evidence of gender discrimination (such as a discriminatory comment by an Amtrak decisionmaker)").

Finally, regarding the third issue, Hamby failed to plead facts or address in her Opposition whether similarly situated individuals outside her protected class were treated more favorably. While any one of these arguments, alone, may not be fatal to Hamby's claim (unlike the "some harm" requirement from *Muldrow*), these deficiencies should be considered in the Court's analysis of whether Hamby plausibly stated a claim for relief. *See* ECF No. 12, at 12 n.9 (Motion).

### C.    Hamby Fails to State a Retaliation Claim

Similar to her discrimination claim, Hamby relies on *Swierkiewicz* to sidestep the elements at issue for a retaliation claim, suggesting she need not "satisfy proof elements of retaliation, such as temporal proximity or but-for causation." ECF No. 30, at 10. Again, Hamby misses the point

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1    and tries to conflate plausibly stating a claim for relief with the need to "satisfy proof elements."

2    *Id.* This Court has applied a three-element test at the pleading stage to determine whether a plaintiff

3    sufficiently stated a claim for relief: "(1) involvement in a protected activity; (2) an adverse

4    employment action; and (3) a causal link between the two." *Harrington v. Nev. Sys. of Higher*

5    *Educ.*, No. 2:18-cv-00009-APG-PAL, 2018 U.S. Dist. LEXIS 152580, at *7 (D. Nev. Sep. 6, 2018)

6    (quoting another source). Hamby suggests this Court in *Harrington* "misapplied the requisite proof

7    at summary judgment to the pleading stage." ECF No. 30, at 10 (suggesting this Court's

8    requirement for a plaintiff to allege facts sufficient to establish a causal link was in error).

9        Despite Hamby's attempt to circumvent the application of any defined elements to her

10    claim, the language of Title VII *requires* a causal link. *See* 42 U.S.C. § 2000e-3(a) (making it

11    unlawful for an employer to discriminate against its employees "***because*** [she] has opposed any

12    practice made an unlawful employment practice by this title" (emphasis added)). The use of the

13    term "because" in the statutory text makes clear that a causal link is required. *See Univ. of Tex.*

14    *Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013) (recognizing the "plain textual meaning" of

15    § 2000e-3(a)'s inclusion of "because" and holding "[t]he text, structure, and history of Title VII

16    demonstrate that a plaintiff making a retaliation claim under § 2000e-3(a) must establish his or her

17    protected activity was a but-for cause of the alleged adverse action by the employer").

18        There are two ways to establish causation—through direct or circumstantial evidence. *See,*

19    *e.g.*, *Meyers v. Kendall*, 2024 U.S. Dist. LEXIS 99412, at *26 (C.D. Cal. Jun. 3, 2024). Direct

20    evidence could exist if the employer made a remark about the protected activity. *See id.* at *27

21    ("Plaintiff has produced no direct evidence that her reassignment and eventual termination were

22    retaliatory—for example, there is no evidence of remarks made by any of Plaintiff's superiors

23    regarding her EEO activity or accommodation."). Direct evidence is often difficult to adduce; as

24    such, courts allow circumstantial evidence of causation through (1) allegations of awareness of the

25    protected activity; and (2) temporal proximity with the alleged retaliatory action. *See id.* *26.

26        Here, to cure her lack of causation-related factual allegations, Hamby argues causation is

27    not required at the pleading stage. *See* ECF No. 30, at 10. However, she offers no case law to

28    support her bold assertion that directly contradicts the language of Title VII. In fact, the Ninth

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

8

Circuit has affirmed orders granting motions to dismiss when a plaintiff failed to sufficiently allege causation. For instance, in *Khorasani*—a case on which Hamby relies in her Opposition (ECF No. 30, at 7)—the Ninth Circuit affirmed dismissal of a retaliation claim where "Khorasani failed to allege the requisite causal link between his protected activities and his termination." 2024 U.S. App. LEXIS 23704, at *3 (citing *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982)).

To be clear, Hamby must allege *facts* to sufficiently plead causation—a required element for retaliation under the language of Title VII. Hamby does not suggest her allegations constitute direct evidence of causation. Instead, she asks this Court to "draw the reasonable inference that Defendant Aces may be liable for the conduct alleged." ECF No. 30, at 9. Because she lacks direct evidence, Hamby can establish causation if she (1) pleads facts alleging the decision maker(s) were aware of her alleged protected activity; and (2) there was temporal proximity of the alleged adverse employment action and her protected activity. As demonstrated below, Hamby failed to allege facts to support a reasonable inference of causation.

### 1. Hamby Failed to Plead Awareness by a Decision Maker

"To show the requisite causal link, a plaintiff must allege facts sufficient to raise the inference that her protected activity was the likely reason for the adverse action." *Harrington*, 2018 U.S. Dist. LEXIS 152580, at *7-8 (internal quotations omitted). To raise an inference of causation, a plaintiff may show the actors who engaged in the retaliatory conduct were aware of the protected activity. *See Cohen*, 686 F.2d at 796 ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."); *see also Brooks v. Capistrano Unified Sch. Dist.*, 1 F. Supp. 3d 1029, 1037 (C.D. Cal. 2014) ("In general, if the decision maker does not have knowledge of the plaintiff's protected activity, there can be no retaliation for engaging in that activity.").

Here, Hamby fails to allege who at the Aces supposedly engaged in the retaliatory conduct (i.e., who was the decision maker). Hamby believes this requirement is met because of her general allegation that the Aces announced they were under investigation by the WNBA regarding Hamby's social media post (i.e., her alleged protected activity). *See* ECF No. 30, at 11 (citing ECF No. 1, ¶ 52). However, courts in the Ninth Circuit have dismissed retaliation claims where a

plaintiff fails to identify *who* engaged in the retaliatory actions against her. *See, e.g.*, *Hicks v. C.P. Squires Elem. Sch.*, No. 2:19-cv-01665-GMN-BNW, 2021 U.S. Dist. LEXIS 10282, at *8 (D. Nev. Jan. 20, 2021) (dismissing retaliation claim because plaintiff failed to allege "the persons who retaliated (e.g., Landeros or Bosacker) did so *because of* Hicks' decision to file a charge of discrimination with the EEOC"); *Gladle v. McDonald*, 2016 U.S. Dist. LEXIS 197750, at *11 (C.D. Cal. June 27, 2016) ("In the FAC, plaintiff again fails to identify who, specifically retaliated against her and fails to allege facts suggesting that those individuals were even aware that she filed complaints with the VA."). Hamby's remarks regarding Coach Hammon are inconsequential because she never alleges Coach Hammon was the decision maker for the alleged retaliatory actions.[7] Hamby's general allegation that the "Aces," as a whole, were aware of Hamby's social media post is insufficiently vague because the *decision maker* must be aware.

### 2. Hamby's Allegations of Temporal Proximity Do Not Infer Causation

"Proximity of time between a protected activity and an adverse employment action may raise a plausible inference of a causal link where the time period is 'very close.'" *Heierle v. Casino*, No. 2:10-cv-00371-GMN-LRL, 2011 U.S. Dist. LEXIS 84646, at *17 (D. Nev. Aug. 1, 2011) (quoting *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001)) (holding retaliation claim survives a motion to dismiss because plaintiff's temporal proximity was less than one month). While the Ninth Circuit has "rejected a bright-line rule for determining when temporal proximity implies causation," it recognized "the degree of proximity nevertheless affects the relative strength of the evidence." *Meyer Kama v. Mayorkas*, 107 F.4th 1054, 1062 (9th Cir. 2024) ("Temporal proximity is like any other type of circumstantial evidence. If it is particularly strong, it may be enough by itself; otherwise; more evidence is required.").

Here, despite lacking direct evidence of causation, Hamby argues she is not required to establish temporal proximity at the pleading stage. *See* ECF No. 30, at 10. She also claims she is

---

[7] *See* ECF No. 1; *see also Reed v. Avis Budget Grp., Inc.*, 472 F. App'x 525, 526 (9th Cir. 2012) ("Human Resources Manager Height, who did know about the complaint, was not a decisionmaker. . . . There is no evidence that Height influenced the decision.").

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

not required to plead the dates to infer causation.[8] *See id.* Where the dates of the allegedly retaliatory actions can be determined from Hamby's Complaint, they are too far removed from the alleged protected activity to infer causation. *See* ECF No. 12, at 8 (highlighting Hamby's seven- and eight-month gaps after her public statement). As to Hamby's other allegations, even assuming they constitute adverse employment actions, her lack of providing dates deprives the Aces of responding. *See Harrington*, 2018 U.S. Dist. LEXIS 152580, at *8 ("She gives no dates for any of the alleged retaliatory conduct, making it impossible to determine whether the events were close enough in time to infer causation."); *Stemple v. Super. Ct. of Ariz.*, 2010 U.S. Dist. LEXIS 160910, at *7 (D. Ariz. Aug. 9, 2010) (dismissing retaliation claim because "the lack of dates prevent the Court from making any reasonable inference based on the temporal proximity").

### D.    Amendment of Hamby's Discrimination Claim Would Be Futile

The Ninth Circuit considers several factors in determining the propriety of granting leave to amend, including the futility of amendment. *See Lee v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "Under futility analysis, '[d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.'" *Id.* (quoting *Krainski v. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010); *see also Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" (quoting another source)).

In the Ninth Circuit, if a party has waived an argument, an amendment based on the waived argument would be futile. *See Centeno v. City of Carlsbad*, 2022 U.S. App. LEXIS 19503,

---

[8] Hamby also suggests the lack of temporal proximity does not defeat an inference of causation because the alleged retaliator may not have had an earlier opportunity to retaliate. *See* ECF No. 30, at 10. Preliminarily, the Aces' point was that Hamby can seek to show causation through either temporal proximity or other facts from which causation can be inferred. She has not sufficiently pleaded either. Further, Hamby relies upon the Ninth Circuit's case of *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885 (9th Cir. 2005) (and the other cases also rely on *Porter*). In *Porter*, the Ninth Circuit held the plaintiff's lack of temporal proximity evidence was acceptable because the plaintiff "offers other evidence to support the inference of a retaliatory motive." *Id.* at 895. Notably, *Porter* was decided before *University of Texas Southwestern Medical Center v. Nassar*, where the Court rejected the retaliatory motive standard for retaliation claims and required the "but-for" standard for causation. *See* 570 U.S. 388, 362 (2013).

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

at *4 (9th Cir. July 14, 2022) ("[T]he only amendment Centeno proposes is additional authority for his associational discrimination claim, which is an argument that Centeno waived. Thus, because any amendment would be futile, the district court did not err in dismissing Centeno's claims with prejudice."); *see also Shree Shiva, LLC v. City of Redding*, 2021 U.S. Dist. LEXIS 166311, at *3 (E.D. Cal. Aug. 31, 2021) (holding an amendment of plaintiff's state law fraud claim is futile because plaintiff failed to argue in opposition to the motion to dismiss, thereby conceding dismissal of the claim is appropriate).

Here, Hamby waived any argument as to whether *Muldrow* precludes her discrimination claim, which requires the alleged harm to concern the terms and conditions of her employment. Hamby's Opposition fails to mention *Muldrow*, let alone address how her conclusory allegations in the Complaint actually relate to the terms and conditions of her employment. Because *Muldrow*'s harm analysis is a requirement under Title VII, and Hamby has waived/conceded the arguments for that element, an amendment of her discrimination claim would be futile.[9]

## III.    CONCLUSION

For the foregoing reasons, the Aces respectfully request this Court dismiss Plaintiff Dearica Hamby's claims against the Aces, including dismissing Hamby's discrimination claim with prejudice in light of her concession/waiver of *Muldrow*'s harm requirement.

DATED this 6th day of November 2024.

**HOLLAND & HART LLP**

*/s/ Greg S. Gilbert*
Gregory S. Gilbert
Dora V. Lane
Erica C. Medley
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
*Attorneys for Defendant Las Vegas Basketball, L.P.*

---

[9] Notably, besides a plea to amend her Complaint, Hamby failed to move to amend her Complaint, as she did in opposition to the WNBA's motion. *See* ECF No. 31. Hamby's proposed first amended complaint only attempts to cure the deficiencies related to the WNBA. She did not propose any amendments that would cure the deficiencies identified by the Aces, including *Muldrow*'s harm requirement. *See* ECF No. 31.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2024, a true and correct copy of the foregoing **DEFENDANT LAS VEGAS ACES' REPLY IN SUPPORT OF MOTION TO DISMISS** was served by the following method(s):

☒   Electronic:  by submitting electronically for filing and/or service with the United States District Court, District of Nevada's e-filing system and served on counsel electronically in accordance with the E-service list to the following email addresses:

Dana Sniegocki, Esq.
HKM Employment Attorneys LLP
101 Convention Center Drive, Suite 600
Las Vegas, Nevada 89109
E-mail: dsniegocki@hkm.com

Erin S. Norgaard, Esq.
HKM Employment Attorneys LLP
E-mail: enorgaard@hkm.com

Artur Davis, Esq.
HKM Employment Attorneys LLP
Email: adavis@hkm.com

*Attorneys for Plaintiff*

                                        */s/Paige Ostlie*
                                        An Employee of Holland & Hart LLP

33272829_v4