Gregory S. Gilbert, Esq. (6310)
Dora V. Lane, Esq. (8424)
Erica C. Medley, Esq. (13959)
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
gsgilbert@hollandhart.com
dlane@hollandhart.com
ecmedley@hollandhart.com

*Attorneys for Defendant Las Vegas Basketball, L.P.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEARICA HAMBY, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>WNBA, LLC and LAS VEGAS BASKETBALL L.P. d/b/a LAS VEGAS ACES,<br><br>Defendants. | Case No.: 2:24-cv-01474-APG-DJA<br><br>**DEFENDANT LAS VEGAS BASKETBALL L.P.'S OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE** |

Defendant, LAS VEGAS BASKETBALL L.P. d/b/a LAS VEGAS ACES ("LV Aces" or "Defendant"), by and through its undersigned counsel of record, the law firm of Holland & Hart LLP, hereby submits its Opposition to Proposed amici curiae Public Justice, A Better Balance, and the National Employment Law's (together, "Movants") Motion for Leave to File Brief as Amici Curiae (the "Motion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Movants wish to file an amicus brief, despite the fact that this case is currently at the motion to dismiss stage. The proposed brief is unnecessary and improper, and does not meet the applicable standard. While the Court has discretion to grant or decline a prospective amicus participation, an amicus brief should only be allowed if (1) the party lacks competent representation, (2) the *amicus* has an interest in another case that may be affected, or (3) the brief presents unique information. None of this is true here.

1

Instead, Movants' brief is simply an extension of Plaintiff Dearica Hamby's ("Hamby") Opposition to WNBA, LLC's Motion to Dismiss, repeats legal contentions already found within Hamby's Opposition, and presents policy arguments for the joint employment doctrine as a whole—information irrelevant at this stage. Accordingly, this Court should deny Movants' Motion.

## II.   LEGAL ARGUMENT

The court has broad discretion to grant or refuse a prospective amicus participation. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). In deciding whether to grant leave to file an amicus brief, courts consider whether the briefing "supplement[s] the efforts of counsel, and draw[s] the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). Movants' brief does neither.

Preliminarily, the filing of amicus curiae briefs at the motion to dismiss stage of a district court action is inappropriate. *See Cody v. Movado Grp., Inc.*, No. 3:23-cv-00015-H-KSC, 2023 U.S. Dist. LEXIS 25249, at *2 (S.D. Cal. Feb. 8, 2023) (discouraging the filing of amicus curiae briefs on a motion to dismiss in district court in the absence of unique legal arguments). The question before the Court is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Movants insist that their amicus brief is proper because it provides background demonstrating the protections granted by the joint employment doctrine. Motion at 2-3. But the Court is not adjudicating the case based on the merits, nor is it weighing in on the importance of the joint employment doctrine. Movants present no unique legal arguments. Rather, the proposed brief is simply a recitation of arguments Hamby has already sufficiently addressed in opposing the WNBA's motion to dismiss.

Next, Movants do not meet the standard for filing an amicus brief. "An amicus brief should be permitted on behalf of a party lacking competent representation, when the *amicus* has an interest in some other case that may be affected by a decision in the present case, or when the

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

*amicus* has unique information that could help this court beyond the assistance already provided by the parties' lawyers." *United States v. Paredes-Medina*, No. 2:21-cr-00323-CDS-DJA, 2022 U.S. Dist. LEXIS 187237, at *3 (D. Nev. Oct. 13, 2022). Here, Movants' state that their brief would "explain the context, and broader stakes, of the WNBA's argument that it was not Ms. Hamby's employer." Mot. at 2:23-24. However, Movants present no facts demonstrating Hamby's counsel cannot competently address these issues. Movants also do not identify an interest they have in some other case that may be affected by a decision in this case. Next, Movants' expressed justification for the proposed amicus brief does not constitute "unique information" that would assist the Court beyond the briefing already submitted by the parties. Hamby's Opposition to the WNBA's Motion to Dismiss already addresses the alleged sufficiency of her pleadings—the only question before this Court at this stage. Thus, the Court should deny the Motion.

Finally, Movants brief is an improper attempt to bolster Plaintiff's Opposition, present arguments outside of the pleadings, and extend her brief beyond the page limitations. *See Beesley v. Int'l Paper Co.*, No. 06-703-DRH, 2011 U.S. Dist. LEXIS 132578, at *4-5 (S.D. Ill. Nov. 17, 2011) ("The Court finds that complementing defendants' arguments is not sufficient reason to allow an amicus brief. While at times this case and Spano have been treated as companion cases, Boeing has failed to convince this Court that its attempt to file an amicus brief is nothing more than an attempt for the defendants to get another bite at the apple, one of the policies behind denying a party's brief."); *see also Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("The vast majority of amicus briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse."). Movants' brief merely acts as an extension of Hamby's Opposition brief because it advocates for positions asserted by Hamby and appears to be a divide-and-conquer effort wherein Movants raise policy issues outside the pleadings and unnecessary on a motion to dismiss. This is not the purpose of an amicus brief. *See Ciba-Geigy Ltd. v. Fish Peddler*, 683 So. 2d 522 (Fla. Dist. Ct. App. 1996) ("In the present case one of the

amicus briefs appears to be nothing more than an attempt to present a fact-specific argument of the same type as is contained in the appellants' 50-page brief.").

### III. CONCLUSION

For the foregoing reasons, this Court should deny Movants' Motion.

DATED this 6th day of November 2024.

**HOLLAND & HART LLP**

/s/ Greg S. Gilbert
Gregory S. Gilbert, Esq.
Dora V. Lane, Esq.
Erica C. Medley, Esq.
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

*Attorneys for Defendant*
*Las Vegas Basketball L.P. d/b/a Las Vegas Aces*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of November, 2024, a true and correct copy of the foregoing **DEFENDANT LAS VEGAS BASKETBALL L.P.'S OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE** was served by the following method(s):

☒   Electronic: by submitting electronically for filing and/or service with the United States District Court, District of Nevada's e-filing system and served on counsel electronically in accordance with the E-service list to the following email addresses:

Dana Sniegocki, Esq.
HKM Employment Attorneys LLP
101 Convention Center Drive, Suite 600
Las Vegas, Nevada 89109
E-mail: dsniegocki@hkm.com

Erin S. Norgaard, Esq.
HKM Employment Attorneys LLP
E-mail: enorgaard@hkm.com

Artur Davis, Esq.
HKM Employment Attorneys LLP
Email: adavis@hkm.com

*Attorneys for Plaintiff*

/s/ Paige Ostlie
An Employee of Holland & Hart LLP