**TALG, NV, LTD**
Ismail Amin, Esq. (9343)
Marian L. Massey, Esq. (14579)
5852 S. Durango Dr., Suite 105
Las Vegas, Nevada 89113
Tel.: (702) 954-3861
Fax.: (949) 266-8406
iamin@talglaw.com
mmassey@talglaw.com

**PROSKAUER ROSE LLP**
Elise M. Bloom (admitted *pro hac vice*)
Michelle A. Annese (admitted *pro hac vice*)
Jordan B. Glassberg (admitted *pro hac vice*)
Eleven Times Square
New York, New York 10036-8299
Tel.: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
mannese@proskauer.com
jglassberg@proskauer.com

*Attorneys for Defendant WNBA, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DEARICA HAMBY, an Individual,<br><br>       Plaintiff,<br><br>vs.<br><br>WNBA, LLC and LAS VEGAS BASKETBALL L.P. *doing business as* LAS VEGAS ACES<br><br>       Defendants. | Case No. 2:24-cv-01474-APG-DJA<br><br>**DEFENDANT WNBA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF DEARICA HAMBY'S COUNTERMOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (ECF NO. 32)** |

**DEFENDANT WNBA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF DEARICA HAMBY'S COUNTERMOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (ECF. NO. 32)**

Defendant WNBA, LLC (the "WNBA") by and through its undersigned counsel, respectfully submits this Memorandum of Law in opposition to Plaintiff Dearica Hamby's ("Hamby") Countermotion for Leave to File A First Amended Complaint. (ECF No. 32.) The WNBA's Opposition is supported by the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any other evidence and oral argument the Court may entertain at the hearing of this Motion. For the reasons set forth herein, Hamby's motion should be denied since any amendment would be futile.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

In the Proposed First Amended Complaint ("Proposed Complaint" or "Proposed Compl.") (ECF No. 32-1), Hamby asserts new allegations concerning the Collective Bargaining Agreement ("CBA") applicable to WNBA players between the WNBA and the Women's National Basketball Players Association, in an effort to establish that the WNBA is her employer.[1] Hamby's motion for leave to amend should be denied as futile.

First, even if this Court considers Hamby's newly added allegations, she fails to allege sufficient facts to establish that the WNBA "controlled" her employment and that, as a result, she was jointly employed by the WNBA and the Las Vegas Aces (the "Aces"). For this reason, her retaliation claims against the WNBA under both Title VII of the Civil Rights Act of 1964 ("Title VII") and Nevada Revised Statute ("NRS") 613.340 cannot survive the WNBA's motion to dismiss, even with the proposed amendments.

Second, even assuming that this Court determines that Hamby has sufficiently pled that she was jointly employed by the WNBA and the Aces, Hamby's proposed amendment is futile because, as explained in the WNBA's motion to dismiss (ECF No. 14) and reply brief filed in

---

[1] The WNBA acknowledges that the Court will accept Hamby's factual allegations asserted in the Proposed Amended Complaint (as well as those in the operative Complaint) as true solely for purposes of the WNBA's motion to dismiss and Hamby's countermotion for leave to file an amended complaint. The WNBA does not concede that the allegations raised by Hamby are true or that they accurately describe the provisions of the CBA.

connection therewith (ECF No. 40), Hamby's retaliation claims against the WNBA fail in their entirety for several other independent reasons rendering the proposed amendment moot.

Accordingly, for these reasons and the reasons that follow, Hamby's motion for leave to file a First Amended Complaint should be denied.

## RELEVANT FACTS AND PROCEDURAL HISTORY

On August 12, 2024, Hamby filed a Complaint ("Complaint" or "Compl.") (ECF No. 1) against the WNBA and the Aces. In that Complaint, Hamby asserted retaliation claims against the WNBA under Title VII and NRS 613.340 based on two separate allegations: (i) that the WNBA retaliated against her by allegedly failing to adequately investigate and remedy her complaint regarding her experience playing for the Aces; and (ii) that the WNBA retaliated against her by failing to extend the term of a Marketing and Promotional Agreement ("Marketing Agreement") after it expired pursuant to its express terms on October 28, 2023. Hamby also asserted discrimination and retaliation claims against the Aces.

Pertinent to the present motion, Hamby included a singular allegation in the Complaint regarding her relationship with the WNBA:

> At all relevant times, Defendant Las Vegas Basketball L.P. . . . was a foreign limited partnership authorized to conduct business in the State of Nevada. Defendant Las Vegas Aces is a franchise operation governed by the rules and regulations of the Defendant WNBA, thereby making the Defendant WNBA and the Defendant Last Vegas Aces joint employers of Plaintiff Hamby.

(Compl. ¶ 13.)

On September 11, 2024, the WNBA filed its Motion to Dismiss the Complaint and Jury Demand (ECF No. 14), as to the retaliation claims asserted against the WNBA for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). More specifically, in its motion, the WNBA argued, as a basis for dismissal, that Hamby's retaliation claims under Title VII and NRS 613.340 failed as a matter of law because Hamby did not plausibly allege that the WNBA "employed" her, a necessary prerequisite to bringing retaliation claims under both

2

**DEFENDANT WNBA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF DEARICA HAMBY'S COUNTERMOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**
**(ECF. NO. 32)**

statutes. Additional and unrelated bases for dismissal were also asserted, as to which joint employment is irrelevant.

On October 16, 2024, Plaintiff opposed the motion and also filed a Countermotion for Leave To File A First Amended Complaint (ECF No. 32), to which she annexed the Proposed Complaint. (ECF No. 32-1.) In the Proposed Complaint, Plaintiff asserts the following additional allegations which focus solely on the joint employer issue:

- "WNBA has entered a collective bargaining agreement ("CBA") that creates contractual rights for the league's athletes that transcend team lines, and the CBA is binding on each privately owned franchise that is a WNBA team." (Proposed Compl. ¶ 14.)

- "The features of the CBA include a universal rule structure that regulates for all teams the terms of the free agent system, minimum and maximum permissible compensation, and respective tiers of compensation for players who perform at certain levels of achievement. In addition, the CBA augments team bargained individual contracts with the availability of performance based bonuses and marketing deals that are paid by the league; and the provision of league based benefits such as health insurance, retirement plans, and childcare." (Proposed Compl. ¶ 15.)

- "The CBA affects each player's employment status through the following reserved authority: (a) the power to impose discipline on players with fines and suspensions, up to and including authority to ban a player for egregious misconduct; (b) control over the annual draft process by which teams supplement the roster with college talent; (c) provision of health insurance and retirement benefits through league purchased plans; (d) ultimate approval authority over trades, including the express right to rescind trades; and (e) discretion to investigate discrete employment acts that violate league adopted rules." (Proposed Compl. ¶ 16.)[2]

The WNBA now opposes Hamby's motion for leave to file the Proposed Complaint because amendment would be futile.

## LEGAL ARGUMENT

I. **PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED UNDER FED. R. CIV. P. 15(A) BECAUSE HAMBY'S PROPOSED AMENDMENT IS FUTILE.**

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Although "[t]he court should freely give leave when justice so requires," (*id.*), it is proper to deny amendment when the proposed amendment is futile.

---

[2] In the Proposed Complaint, Plaintiff also strikes several allegations from her original Complaint. The WNBA takes no position as to the allegations which Plaintiff seeks to delete from her pleading.

3

**DEFENDANT WNBA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF DEARICA HAMBY'S COUNTERMOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (ECF. NO. 32)**

*Carrico v. City & Cnty. of S. F.*, 656 F.3d 1002, 1008 (9th Cir. 2011); *see also Steinmetz v. Am. Honda Fin.*, 447 F. Supp. 3d 994, 1014 (D. Nev. 2020) (Gordon, J.) (denying leave to amend certain claims where amendment would be futile). In determining whether a proposed amendment is futile, the Court applies the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Arminas Wagner Enters., Inc. v. Ohio Sec. Ins. Co.*, 658 F. Supp. 3d 883, 893 (D. Nev. 2023).

Accordingly, leave to amend is properly denied where amendment will not salvage the plaintiff's claims, and where the supplemental information "would fail to cure pleading deficiencies' in the complaint." *D'Augusta v. Am. Petroleum Inst.*, 117 F. 4th 1094, 1105 (9th Cir. 2024) (citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011)); *see also Ctr. for Biological Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) ("Amendment is futile when 'it is clear, upon de novo review, that the complaint could not be saved by any amendment.'") (citing *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022)).

**A.   Amendment Is Futile Because The Additional Allegations That Hamby Seeks To Assert Do Not Establish That The WNBA Is Her Employer.**

Under both Title VII and NRS 613.340, an entity can only be held liable for discrimination or retaliation if it is the plaintiff's employer. *EEOC v. Global Horizons, Inc.*, 915 F.3d 631, 637 (9th Cir. 2019) (citing 42 U.S.C. § 2000e-2(a)); *Nissenbaum v. NNH Cal Neva Servs. Co., LLC*, 983 F. Supp. 2d 1234, 1245 (D. Nev. 2013) (citing NRS 613.330.)[3] To establish that the WNBA was her employer, Hamby must plead sufficient facts to show that the WNBA "controlled" her employment. *EEOC*, 915 F.3d at 631.

Courts routinely grant motions to dismiss where, as here, a plaintiff fails to sufficiently and plausibly allege that the defendant employed her and instead merely relies on generalized allegations. *See Lane v. Skanska USA Inc.*, No. C22-926-RSM, 2023 WL 422886, at *2 (W.D.

---

[3] Nevada's discrimination and retaliation laws follow Title VII in all material respects. *See Harrington v. Nev., ex rel. Nev. Sys. Of Higher Educ.*, No. 2:18-cv-00009-APG-PAL, 2018 WL 4286169, at *3 (D. Nev. Sept. 6, 2018) (Gordon, J.) ("[D]iscrimination and retaliation claims under Nevada law are substantially similar to federal claims under Title VII").

4

**DEFENDANT WNBA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF DEARICA HAMBY'S COUNTERMOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (ECF. NO. 32)**

Wash. Jan. 26, 2023) (granting motion to dismiss Title VII claim where plaintiff did not plead that defendant "had any control over [her] employment, details or manner of her work"); *Gustafson v. U.S. Dep't of Energy*, No. 3:22-cv-00921-JR, 2023 WL 3688077, at *3 (D. Or. Sept. 28, 2023) (dismissing complaint where the plaintiff presented no facts establishing that the defendant was a joint employer of plaintiff), *report and recommendation adopted*, 2023 WL 3687389 (D. Or. May 25, 2023).

In her original Complaint, Hamby did not allege that the WNBA played any role in her hire or discharge, evaluation of her performance, or the setting of her salary, and admits that her employment contract from 2018 through 2022 was with the Aces, a limited partnership that is separate and apart from the WNBA. (Compl. ¶¶ 13, 17-18, 28). Rather, Hamby proffers the generalized allegation that the WNBA "jointly employed" her with the Aces because the Aces are "governed by the rules and regulations of the Defendant WNBA." (Compl. ¶ 13.)

Recognizing the insufficiency of her pleading, Hamby now seeks to amend the Complaint to assert additional allegations concerning her alleged relationship with the WNBA, all of which pertain to the CBA entered into between the WNBA and the Women's National Basketball Players Association, the union that represents WNBA players. (*See* Proposed Compl. ¶¶ 14-16.) However, even with these allegations, Hamby has not sufficiently alleged that the WNBA was her employer.

While Hamby alleges that the CBA affords the WNBA the right to impose fines and suspensions, to provide health insurance and other benefits, and to conduct investigations (Proposed Compl. ¶¶ 15-16), she admits that the CBA makes clear that each WNBA team is a privately owned franchise. (*Id.* ¶ 14.)

In the Proposed Complaint, Hamby also makes the generalized allegation that the CBA sets forth minimum and maximum permissible compensation and compensation tiers. Significantly, however, Hamby does not allege that the WNBA *set her compensation*. Similarly, while Hamby alleges that the WNBA has "control over the annual draft process," she does not allege that the WNBA determines any team's (including the Aces) draft selection. And, while

Hamby alleges that the WNBA may approve or rescind trades under the CBA, she does not allege that the WNBA decides who to trade and, in fact, admits in the original Complaint and Proposed Complaint that the decision to trade her to the Los Angeles Sparks was made by the Aces.

*Dawson v. National Collegiate Athletic Association*, 932 F.3d 905 (9th Cir. 2019) is instructive. In *Dawson*, the Ninth Circuit affirmed the dismissal (on a motion to dismiss) of the plaintiff's complaint for failing to plausibly allege that the NCAA and PAC-12 were employers of the plaintiff, a student-athlete. As Hamby attempts to do here by relying on the CBA, the plaintiff in Dawson focused on the rights afforded to the NCAA and the PAC-12 Conference (the "PAC-12") under the NCAA's bylaws and constitution.

In its decision, the Ninth Circuit recognized that the NCAA "pervasively regulate[s] college athletics" – for example, the NCAA's constitution and/or bylaws govern financial aid for student athletes, establish academic eligibility requirements, impose limitations on athletic scholarships, and regulate the scheduling and conditions of practices and games. *Id.* at 910. Notwithstanding, the Ninth Circuit found that the plaintiff failed to plead facts supporting that the NCAA or PAC-12 were his employers, such as pleading that they hired and/or fired student athletes, choosing the players on any team, or supervised player performance. *Id.* Rather, the allegations in the complaint merely demonstrated that "the NCAA function[ed] as a regulator." *Id.* Here too, Hamby fails to plead facts establishing anything other than that the WNBA's relationship to WNBA players, like Hamby, is akin to a "regulator."

Hamby's insufficient allegations are also similar to those alleged in *Bayne v. Bowles Hall Foundation*, where the court granted the defendants' motion to dismiss Title VII claims. 2021 WL 5205587, at *5-7 (N.D. Cal. Nov. 9, 2021). In *Bayne*, the plaintiff – who was employed by the Bowles Hall Foundation ("Foundation") – brought an action against the Foundation and the Regents of the University of California ("Regents"), claiming that she was jointly employed by both entities. In so arguing, the plaintiff alleged that the Regents employed her because they set various rules for the Foundation through a "Cooperation Agreement." *Id.*, at *1. However, the district court held that the plaintiff failed to plead sufficient facts to establish that the Regents

6
**DEFENDANT WNBA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF DEARICA HAMBY'S COUNTERMOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (ECF. NO. 32)**

were her employer. In particular, the district court noted that the plaintiff "did not allege any direct involvement by the Regents in hiring Plaintiff, evaluating her performance or terminating her" and instead made clear that the Foundation did these things. *Id.*, at *5. Moreover, the plaintiff did not allege that the Regents played any role with respect to her compensation, nor did they supervise her work or determine her assignments. *Id.*, at *6.

Accordingly, because the Proposed Complaint fails to plausibly allege sufficient facts establishing that the WNBA employed Hamby as required under Title VII and NRS 613.340, amendment would be futile and leave to amend should be denied.

### B. Amendment Is Futile Because Even If This Court Concludes That Hamby Has Sufficiently Pled A Joint Employer Relationship, Her Retaliation Claims Under Both Title VII And NRS 613.340 Fail For Other Independent Reasons.

Even if this Court concludes that the allegations Hamby now seeks to assert are sufficient to plead that the WNBA is her employer (which they are not), amendment would nonetheless be futile because Hamby's retaliation claims against the WNBA fail for several other, independent reasons. As detailed in the WNBA's motion to dismiss (ECF No. 14) and its reply brief in further support of that motion (ECF No. 40), Hamby's retaliation claims against the WNBA should be dismissed regardless of whether the WNBA is her employer or not. More specifically, Hamby's retaliation claims fail for the following independent reasons upon which the joint employer issue has no impact:

- Hamby's Title VII and NRS retaliation claims premised on the WNBA's alleged failure to investigate and remedy her complaint fail because the WNBA's alleged failure to investigate and remedy Hamby's complaints regarding her treatment are not adverse employment actions under Title VII and NRS 613.340, and therefore, cannot form the basis of a retaliation claim as a matter of law.

- Hamby's Title VII and NRS retaliation claims based on the Marketing Agreement expiring and not being renewed should be dismissed because:

    o Hamby did not file a charge of discrimination asserting claims regarding the Marketing Agreement with the Equal Employment Opportunity Commission or the Nevada Equal Rights Commission, and her time to do so has expired, meaning that she failed to exhaust her administrative remedies under Title VII and NRS 613.340;

    o Hamby fails to state a retaliation claim under Title VII and/or NRS 613.340 because she was an independent contractor under the Marketing Agreement, and Title VII and NRS 613.340 do not apply to independent contractors; and

- - Hamby cannot make out a *prima facie* case of retaliation under Title VII or NRS 613.340 based on the Marketing Agreement because there is no temporal proximity between her complaint on January 21, 2023, and the expiration and non-extension of the Marketing Agreement on October 28, 2023, nor is there any other evidence of causation pled in the Complaint.

- Hamby's retaliation claim against the WNBA under NRS 613.340 fails as a matter of law because Hamby was not employed in Nevada at the time of the events giving rise to her claims and, therefore, she is not covered under Nevada law.

Critically, the Proposed Complaint does not seek to rectify any of these deficiencies necessitating the dismissal of Hamby's retaliation claims against the WNBA. Accordingly, the court need not reach or even consider the joint employer issue to dismiss each of the retaliation claims asserted by Hamby against the WNBA and, thus, permitting amendment would be futile.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Countermotion for Leave to File a First Amended Complaint should be denied.

DATED: November 6, 2024

/s/*Marian L. Massey, Esq.*
Ismail Amin, Esq. (9343)
Marian L. Massey, Esq. (14579)
**TALG, NV, LTD**
5852 S. Durango Dr., Suite 105
Las Vegas, Nevada 89113
Tel.: (702) 954-3861
Fax.: (949) 266-8406
iamin@talglaw.com
mmassey@talglaw.com

/s/ *Elise M. Bloom*
Elise M. Bloom (admitted *pro hac vice*)
Michelle A. Annese (admitted *pro hac vice*)
Jordan B. Glassberg (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036-8299
Tel.: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
mannese@proskauer.com
jglassberg@proskauer.com

*Attorneys for Defendant WNBA, LLC*

**DEFENDANT WNBA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF DEARICA HAMBY'S COUNTERMOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
(ECF. NO. 32)**

# CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2024, I electronically filed a true and correct copy of **DEFENDANT WNBA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF DEARICA HAMBY'S COUNTERMOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (ECF NO 32)** with the Clerk of the Court using the CM/ECF system, which sent notification to the following counsel of record in this matter:

**Artur Davis, Esq.**
HKM Employment Attorneys LLP
2024 3rd Avenue N, Suite 212
Birmingham, AL 35203
Tel: 205-881-0935
adavis@hkm.com

**Dana Sniegocki, Esq.**
HKM Employment Attorneys LLP
101 Convention Center Drive, Suite 600
Las Vegas, NV 89109
Tel.: 702-623-7279
dsniegocki@hkm.com

**Erin S Norgaard, Esq.**
HKM Employment Attorneys LLP
600 Stewart Street
Suite 901
Seattle, WA 98101
Tel.: 206-838-2504
enorgaard@hkm.com

*Attorneys for Plaintiff Dearica Hamby*

/s/ Kavita Narh
An employee of TALG, NV, Ltd.