Gregory S. Gilbert
Nevada Bar No. 6310
Erica C. Medley
Nevada Bar No. 13959
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
gsgilbert@hollandhart.com
ecmedley@hollandhart.com

Maureen Witt
*Admitted Pro Hac Vice*
**HOLLAND & HART, LLP**
555 17th Street, Suite 3200
Denver, Colorado 80201
Phone: 303.290.1629
mwitt@hollandhart.com

Laurene S. Rogers
*Admitted Pro Hac Vice*
**HOLLAND & HART, LLP**
1800 Broadway, Suite 300
Boulder, CO 80302
Phone: 303.473.2700
lsrogers@hollandhart.com

*Attorneys for Defendant*
*Las Vegas Basketball L.P. d/b/a Las Vegas Aces*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEARICA HAMBY, an Individual,<br><br>                     Plaintiff,<br>v.<br><br>LAS VEGAS BASKETBALL L.P. d/b/a LAS VEGAS ACES,<br><br>                     Defendants. | Case No.: 2:24-cv-01474-APG-DJA<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED, AGREED, AND UNDERSTOOD that Plaintiff, by and through her undersigned counsel of record, and Defendant Las Vegas Basketball L.P. d/b/a Las

1

Vegas Aces ("Defendant") (together, Plaintiff and Defendant are referred to herein as the "Parties" and each individually, a "Party"), by and through their undersigned counsel of record, submit this Confidentiality Agreement and Stipulation for Entry of a Qualified Protective Order ("Stipulated Protective Order").

During the course of this litigation, a Party may produce or disclose documents, materials, and/or information (collectively, "Information") which are or may be confidential, proprietary, trade secret, competitively sensitive, and/or contain private, confidential, or personal information, including without limitation personal health information as contemplated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Similarly, such Information may be disclosed by written discovery, document production, deposition testimony (to the extent taken), or in other filings with the Court. Accordingly, the Parties agree as follows:

1. SCOPE. This Stipulated Protective Order shall apply to all non-public information and materials provided or produced by the Parties in the course of the above-captioned litigation, whether written, oral, contained in documents or transcripts, or in any other form, which has in good faith been designated "Confidential" in accordance with Paragraphs 2 and 3 below. All Information produced in this litigation and designated as "Confidential" as provided below shall be used solely for the purpose of this litigation, and will not be used or disclosed outside the context of this litigation. Any person receiving such Information designated as Confidential shall restrict its disclosure to persons authorized to receive the Information designated as "Confidential" pursuant to this Stipulated Protective Order. A Confidential designation is applicable to all copies and reproductions of any Information. Nothing herein shall be deemed to restrict the right of the producing Party to use its own Information that it has designated as Confidential as it chooses.

This Stipulated Protective Order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. DEFINITION OF CONFIDENTIAL INFORMATION. A producing Party may designate as "Confidential" such non-public documents, information, and materials produced by it which the producing Party believes in good faith constitute, contain or reflect personal health information; sensitive private information; financial information; personnel information; proprietary, trade secret or commercially sensitive information; or other information that is not generally known and/or which the party would not normally reveal to non-parties or, if revealed to non-parties, would cause non-parties to maintain in confidence.

3. DESIGNATION.

(A) A producing party or its counsel may designate as Confidential any documents or other tangible things by (i) marking every page of such item Confidential as the case may be or (ii) sending written notice designating each page of such documents or each portion of such tangible things to be treated as Confidential as the case may be.

(B) A producing party or its counsel may designate deposition or other testimony provided by the producing party as Confidential by any one of the following means: (i) stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that the information is Confidential, or (ii) sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential within fourteen (14) days after receipt of the official transcripts.

(C) In addition to the foregoing, the Parties agree that any personal health information obtained pursuant to a medical release, whether such release is executed by a Party to this litigation or by a third party, shall be automatically designated Confidential. After any such personal health information is obtained pursuant to a medical release, the Parties shall mark the word "Confidential" on the face of the original of the document and each page so designated, or on the face of the photocopy of the document, and on the photocopies of each page so designated.

(D) Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designated information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the

3

appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of the agreement. Mass, indiscriminate, or routinized designations are prohibited. If it comes to the designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

(E)    Inadvertent Failures to Designate: if timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

4.    RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION.

(A)    Except with the prior written consent of the other Party, or upon prior order of this Court obtained upon notice to opposing counsel, access to Confidential information, and to any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Confidential" shall be limited to:

(1)    Counsel of record for the Parties to the litigation, including office associates, paralegals, stenographic and clerical employees;

(2)    The Parties to this action, their representatives, employees and agents, including in-house counsel;

(3)    Non-party witnesses currently or formerly employed by the Aces, and consultants and/or experts who are engaged by either Party, subject to the provisions of Paragraph 5 below;

(4)    Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

(5)    The Court and its personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

4

(6) Court reporters or stenographers who record deposition or other testimony in the litigation;

(7) Outside photocopying services, graphic production services, or litigation support services employed by the Parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system;

(8) Any other person whom the producing Party agrees to in writing.

5. <u>ACCESS BY OUTSIDE CONSULTANTS, AND/OR EXPERTS TO CONFIDENTIAL INFORMATION</u>. The Parties' counsel may, to the extent necessary to the pursuit or defense of this action, in accordance with the terms of this Stipulated Protective Order, and in good faith, make Confidential documents or information and any copies, portions, summaries, analyses or excerpts of any documents containing confidential information available to witnesses (as allowed in Paragraph 4), consultants, or expert witnesses, provided, however, that, prior to delivering any such information to such witness, consultant, or expert, counsel shall obtain from the witness, consultant or expert, a signed and dated copy of Exhibit A, which includes a statement to the effect that the person has read this Stipulated Protective Order, agrees to bound by its terms, and consents to the jurisdiction of the United States District Court for the District of Nevada, Southern Division for the purposes of enforcing the Stipulated Protective Order.

6. <u>DEPOSITIONS</u>. To the extent depositions occur in this case, persons may be deposed regarding documents or information of which they have knowledge which have been designated "Confidential." All transcripts of these depositions and any other deposition containing confidential information will be treated in accordance with this Stipulated Protective Order, provided the designating Party follows the procedure set forth in this Stipulated Protective Order for designating deposition testimony, or portions thereof, as "Confidential." Aside from the witness and the Parties, no person shall attend any portion of any deposition containing testimony regarding confidential information or documents except counsel for the parties unless such person has executed the written statement described in Paragraph 5. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such

5

testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Stipulated Protective Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court.

7. <u>DISPUTES CONCERNING DESIGNATION OR DISCLOSURE OF DOCUMENTS</u>. Any Party in this action may at any time object to or challenge the designation of Confidential Information on the ground that such information does not constitute the same by serving written notice upon counsel for the designating Party, specifying the item(s) by Bates number. The Parties shall attempt to resolve each challenge in good faith through a meet and confer to be initiated by the designating Party within fourteen (14) days of the date of service of the notice. If the Parties cannot resolve a challenge without court intervention, the designating Party shall file and serve a motion to retain confidentiality within fourteen (14) days of the Parties agreeing that the meet and confer process will not resolve their dispute. Failure by the designating Party to make such a motion within 14 days shall automatically waive the confidentiality designation for each challenged designation. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Unless the designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the designation until the Court rules on the motion.

The failure of any Party to challenge the designation by another producing Party of documents, materials, or information as Confidential during the discovery period shall not be a waiver of that Party's right to object or challenge to the designation of such material at the hearing in any motion, hearing, or at trial.

9. <u>FILING WITH THE COURT</u>. Unless otherwise permitted by statute, rule or prior court order, all discovery materials filed with the Court which contain "Confidential" information, and any pleading, brief or memorandum purporting to quote, reproduce, or paraphrase "Confidential" information, shall be filed and endorsed CONFIDENTIAL SUBJECT

TO PROTECTIVE ORDER and shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5(b), as well as *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If the sole ground for a motion to seal is that the opposing Party (or non-Party) has designated a document as confidential, the designating Party shall file (within seven (7) days of the filing of the motion to seal) either: (1) a declaration establishing sufficient justification for sealing each document at issue; or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice. In the event the Court refuses to allow the filing under seal of such Information designated as Confidential, a Party shall still be permitted to file such Information, but it will continue to be treated as Confidential in all other respects.

10. <u>NO IMPLIED ACKNOWLEDGMENT OF CONFIDENTIALITY</u>. The receipt of documents, information or other materials designated as Confidential pursuant to this Stipulated Protective Order shall not constitute an acknowledgment that the same are in fact confidential or otherwise legally protectable, and the Parties and their counsel shall not be obliged to challenge the propriety of any confidentiality designation. Failure to do so shall not preclude a subsequent challenge to the propriety of any such designation. Until and unless the Parties may agree or the Court may finally determine that such documents, information or materials are not properly designated as Confidential pursuant hereto, the same shall continue to be treated as so designated in accordance with the terms of this Stipulated Protective Order.

11. <u>NO WAIVER</u>. The production of documents for inspection shall not constitute a waiver of a Party's rights to claim in this lawsuit or otherwise that the documents are privileged or otherwise undiscoverable. Production by any party of confidential documents or information in other litigation shall not constitute a waiver of its right to claim in this lawsuit or hereafter that such documents or information are confidential, privileged or otherwise undiscoverable. Nothing in this Stipulated Protective Order requires any party to produce any documents or information that the party believes is privileged or otherwise non-discoverable. By entering into

7

this Stipulated Protective Order, the parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or seek any further protective order, or to seek relief from the Court from any provision of this Stipulated Protective Order by application on notice on any grounds.

12. <u>USE OF CONFIDENTIAL INFORMATION AT TRIAL</u>.  The terms of this Stipulated Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

13. <u>DISPOSITION OF CONFIDENTIAL DOCUMENTS AND INFORMATION UPON FINAL DETERMINATION</u>.  Within 60 days after the final determination of this action, whether by award or judgment which is no longer appealable, determination after appeal, settlement, or otherwise, if requested by the designating Party, all documents, information and material designated as "Confidential" and all copies, summaries, extracts, or abstracts of such documents or of such information shall promptly be destroyed or returned to the producing party's counsel, or disposed of pursuant to further order of the Court Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel shall be entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product, and all memoranda or other documents prepared by counsel embodying information derived from any such materials, even if such materials contain Confidential material; provided, however, that no subsequent use shall entail disclosure of any information as to which claim of confidentiality has been made unless the designating party agrees otherwise in writing or a court orders otherwise. The final determination of this action shall not terminate the limitations on use and disclosure contained in this Stipulated Protective Order.

14. <u>AMENDMENT AND MODIFICATION</u>.  This Stipulated Protective Order may be amended by the written agreement of counsel for the Parties submitted to an approved by the Court in this case.  Nothing in this Stipulated Protective Order shall preclude any Party to this action from moving to vacate or modify this Stipulated Protective Order or any provision thereof.

15. <u>JURISDICTION AND ENFORCEMENT</u>.  Any person to whom documents or information designated as "Confidential" is disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring and adjudging such person's compliance with this Stipulated Protective Order.  This jurisdiction shall survive the termination of this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  Any party or person subject to this Stipulated Protective Order who violates its provisions
2  shall be liable for damages for any injuries or loss suffered by the producing party as a result of
3  such violation.

**IT IS SO STIPULATED.**

DATED this 24th day of October 2025.         DATED this 24th day of October 2025.

**HOLLAND & HART LLP**                       **HKM EMPLOYMENT ATTORNEYS LLP**

/s/ Laurene S. Rogers                        /s/ Erin S. Norgaard
Gregory S. Gilbert                           Dana Sniegocki, Esq. (11715)
Nevada Bar No. 6130                          Erin S. Norgaard, Esq. (*Pro Hac Vice*)
Erica C. Medley                              Artur Davis, Esq. (*Pro Hac Vice*)
Nevada Bar No. 13959                         101 Convention Center Dr., Suite 600
HOLLAND & HART LLP                           Las Vegas, Nevada 89109
Nevada Bar No. 6310                          Tel: (702) 805-8340
9555 Hillwood Drive, 2nd Floor               Fax: (702) 805-8340
Las Vegas, NV 89134                          dsniegocki@hkm.com
                                             enorgaard@hkm.com
Maureen Witt                                 adavis@hkm.com
*Admitted Pro Hac Vice*                      *Attorneys for Plaintiff*
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80201

Laurene S. Rogers
*Admitted Pro Hac Vice*
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302

*Attorneys for Defendant*
*Las Vegas Basketball L.P. d/b/a Las Vegas Aces*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 10/28/2025

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order in the above-captioned case (*Hamby v. Las Vegas Basketball, L.P. dba Las Vegas Aces*, Case No.: 2:24-cv-01474-APG-DJA) and attached hereto, understands the terms thereof, and agrees to be bound by those terms. The undersigned submits to the jurisdiction of the United States District Court of the District of Nevada in matters relating to the aforementioned and attached Protective Order and understands that the terms of the Protective Order obligate him/her to use the materials designated as Confidential in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern. The undersigned acknowledges that violation of the Protective Over may result in penalties for contempt of court.

Name (printed): _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____

Signature: _____